BOND, Circuit Judge. Wilson, a voluntary bankrupt, seeks his discharge, which is resisted by the creditors, because, as they allege, his assets are not equal to thirty per centum of the claims proved against his estate. It seems that the bankrupt returned in his schedule property in amount equal to the debts proved against him, but he claimed its possession as a homestead exemption under the statute of Virginia, which claim was allowed him by the district court. Assets, within the meaning of the 33d section of the bankrupt act, are the proceeds of the bankrupt's property which come into the hands of his assignee, and are applicable to the payment of his debts. Here manifestly nothing came into the assignee's hands available for that purpose. If the bankrupt was entitled to hold this property exempt from liability for his debts, as the district court determined he was, how can it be considered assets applicable for the payment of those debts? If a stranger had been entitled to the possession of it, certainly it could not be regarded as assets in the hands of the assignee. How does the case differ when the bankrupt is entitled to hold it exempt from liability for the payment of his debts? Can that be said to be available for the payment of debts which the law says shall be exempt from liability for such payment? The district court allowed the bankrupt's discharge, but we think as the assent of creditors is not alleged, and no assets whatever came into the hands of the assignee applicable to the payment of his debts, the decree of the district court granting the bankrupt his discharge must be reversed with costs.

---

## Case No. 17,783.

### In re WILSON.

[6 Law Rep. 272.]

District Court, D. Massachusetts. Sept., 1843.

VOLUNTARY BANKRUPTCY — DISCHARGE—CONCEALMENT OF PROPERTY.

[The omission by the bankrupt of any notice, in his schedule, of property which had been attached, and a receipt given for its value, in a suit still pending, will not bar his discharge under the act of 1841 (5 Stat. 440), unless the omission was with a willful intent to conceal his property.]

In bankruptcy. This was the case of a petition by [George Wilson] a bankrupt for his discharge; a majority of his creditors having objected thereto, the bankrupt obtained a trial by jury. The objections filed by the creditors were: 1. That the bankrupt had been guilty of fraud and of wilful concealment of his property and rights of property contrary to the provisions of the law. 2. That he had preferred some of his creditors contrary to the provisions of said act. 3. Because he wilfully omitted and refused to conform to the requisitions of said act. 4. Because he had admitted false or fictitious debts against his estate. The principal

ground relied on by the creditors, was, that in March, 1842, all the stock of the bankrupt, except groceries and furniture, was attached by the Kinderhook Bank, when a receipt was given on a valuation of $900, and the suit is now pending. The receiptor took the property, and the bankrupt took no notice of it in the schedule annexed to his original petition. There was considerable testimony upon this and other points, the bankrupt taking the ground that he acted under a mistake as to his duty in this particular.

Mr. Fiske, for creditors.
Mr. Gray, for bankrupt.

SPRAGUE, District Judge, in his charge instructed the jury, that they must be satisfied that the bankrupt wilfully concealed his property. If he acted in good faith, but under a mistake, his discharge ought not to be withheld.

The jury returned a verdict in favor of the bankrupt.